IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANTHONY DAVILA, *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. V-14-0051 | |
| § | | |
| ALCOA WORLD ALUMINA, LLC, § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 7] filed by Plaintiffs Anthony and Michelle Davila, to which Defendant Alcoa World Alumina, LLC ("Alcoa") filed a Response [Doc. # 9]. Plaintiffs neither filed a reply nor requested additional time to do so. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Remand.

### I.    BACKGROUND

Plaintiff Anthony Davila was working on a tank owned by Alcoa when the tank exploded, striking and severely burning Davila. *See* Original Petition, Exh. 3 to Notice of Removal [Doc. # 1]. Plaintiff filed suit in Texas state court seeking to recover damages for past and future medical expenses, mental anguish, pecuniary loss, and loss of wages. *See id.* Additionally, Plaintiff sought to recover exemplary damages from Alcoa. *See id.* Plaintiff did not, however, state the amount of damages

he was seeking.[1]  Alcoa was served on January 15, 2014.  *See* Return of Service, Exh. 4 to Notice of Removal.

Plaintiff later filed a First Amended Petition, in which his wife joined as a plaintiff to seek recovery of damages for past and future loss of society and/or consortium, mental anguish, and loss of household services.  *See* First Amended Petition, Exh. 6 to Notice of Removal.  Again, Plaintiffs did not state the amount of damages they were seeking.  Alcoa was served with the First Amended Petition on March 27, 2014.  *See id.*

On July 8, 2014, Plaintiffs sent a demand letter seeking damages in excess of $26,500,000.00.  Alcoa filed its Notice of Removal on August 7, 2014.  Plaintiffs filed

---

[1]  Plaintiff failed to comply with Texas Rule of Civil Procedure 47, which now requires a petition filed in Texas state court to include a statement regarding the amount of monetary relief at issue based on certain categories:

(1)  only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or

(2)  monetary relief of $100,000 or less and non-monetary relief; or

(3)  monetary relief over $100,000 but not more than $200,000; or

(4)  monetary relief over $200,000 but not more than $1,000,000; or

(5)  monetary relief over $1,000,000.

TEX. R. CIV. P. 47.

a Motion to Remand, asserting that Alcoa's Notice of Removal was not timely. The Motion to Remand has been fully briefed and is now ripe for decision.

## II. ANALYSIS

Federal courts have jurisdiction over civil actions in which there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A Notice of Removal must be filed within thirty days. *See* 28 U.S.C. § 1446(b)(1). For purposes of an argument that removal was untimely, the thirty-day period "is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). A plaintiff who wants "the thirty-day period to run from the defendant's receipt of the initial pleading" is required to "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002)). The defendant is not expected to determine from the circumstances described in the initial pleading that the plaintiff is seeking damages in excess of $75,000.00. *See id.*; *Darensburg v. NGM Ins. Co.*, 2014 WL 4072128, *2 (E.D. La. Aug. 13, 2014).

In this case, Plaintiffs' Original Petition and First Amended Petition failed to identify the amount of damages they seek. Although the factual allegations in the Original Petition and the First Amended Petition would likely have allowed Alcoa to remove the case earlier, even if Alcoa "*could* have removed immediately," Plaintiffs' Original and First Amended Petitions "did not start the clock" such that Alcoa was required to remove at that time. *Id.* at 400 n.13 (emphasis in original).

### III. CONCLUSION AND ORDER

Based on the foregoing, Defendant's Notice of Removal was timely. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this  9th  day of **October, 2014**.

Nancy F. Atlas
United States District Judge