United States District Court
Southern District of Texas
**ENTERED**
November 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANTHONY DAVILA, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-14-0051 |
| § | | |
| ALCOA WORLD ALUMINA LLC, § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion for Relief from Judgement and New Trial [Doc. # 68] and Motion to Supplement Summary Judgment Record [Doc. # 69] filed by Plaintiffs Anthony and Michelle Davila. Defendant Alcoa World Alumina LLC ("Alcoa") filed a consolidated Response [Doc. # 74], and Plaintiffs filed a consolidated Reply [Doc. # 75]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion for Relief from Judgment and the Motion to Supplement Summary Judgment Record.

## I.     BACKGROUND

Anthony Davila ("Davila") worked as a supervisor for W-S Industrial Services, Inc. ("WSI"). Alcoa hired WSI to perform industrial cleaning services at Alcoa's facility in Point Comfort, Texas.

On October 23, 2013, Davila was working for WSI at Alcoa to clear what Alcoa believed to be a blocked airlift on a tank that was filled with hot, caustic material. Davila's crew began hydroblasting the tank's airlift using between 7,000 and 10,000 pounds of water pressure. After the crew had been hydroblasting for some disputed but brief period of time, Davila climbed up to a platform at the top of the tank to determine whether the hydroblasting was resolving the blockage issue. Soon after Davila began climbing down from the platform, trapped air was released, causing the hot caustic material to spew from the top of the tank. Davila was severely injured, receiving burns to his hands, back, face, eyes, and legs.

By Memorandum and Order [Doc. # 65] and Final Judgment [Doc. # 66] entered August 11, 2016, the Court granted Defendant's Motion for Summary Judgment. The Court held that Plaintiffs' claims were barred by Chapter 95 of the Texas Civil Practice and Remedies Code, which provides:

> A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>
> > (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and

>       (2) the property owner had actual knowledge of the danger
>       or condition resulting in the personal injury, death, or
>       property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE § 95.003.

On September 8, 2016, Plaintiffs filed the pending motions, which have been fully briefed and are ripe for decision.

## II.  ANALYSIS

Plaintiffs seek relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure based on newly-discovered evidence with which they seek to supplement the summary judgment record. Specifically, Plaintiffs seek to submit the deposition testimony of Alcoa employees Brent Moore and Jeffrey Strickland. These depositions were taken on August 10, 2016, the day before the Court issued its Memorandum and Order granting summary judgment in favor of Defendant. Transcripts of the deposition testimony were not available until August 16, 2016, after the Court issued its ruling.

A motion for relief from judgment based on newly-discovered evidence should be granted "only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d

529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).  In this case, the new evidence is likely to change the ruling on Defendant's Motion for Summary Judgment.  Plaintiffs now have evidence that may raise a genuine issue of material fact regarding whether Defendant exercised control over the manner in which Davila and his crew were performing their work, and regarding whether Defendant had actual knowledge of the dangerous condition created by pumping air into the storage tank.

      The Court finds that the evidence is newly-discovered and that it could not have been discovered earlier.  Defendant filed its motion for summary judgment while discovery was ongoing.  Plaintiffs should have followed the procedure set forth in Rule 56(d) of the Federal Rules of Civil Procedure to demonstrate their need to complete discovery in order to present facts essential to their opposition to the motion.  Plaintiffs' failure to follow this procedure, however, is an inadequate basis to deny Plaintiffs the opportunity to present the new evidence in opposition to summary judgment.

      The Court finds further that the new evidence is not cumulative or impeaching.  The newly-discovered evidence supports Plaintiffs' position that Defendant retained control over the manner in which Davila and his crew performed their work and that Defendant had actual knowledge of the dangerous condition.  This evidence may be

sufficient to raise a genuine issue of material fact on the applicability of the Chapter 95 defense and thereby defeat summary judgment.

Based on the foregoing, and in the exercise of the Court's discretion, the Court finds that Plaintiffs have demonstrated an adequate basis for relief from the summary judgment entered in favor of Defendant.

### III. CONCLUSION AND ORDER

Plaintiffs have newly-discovered evidence with which they seek to supplement the summary judgment record. The Court exercises its discretion to grant relief from judgment and permit Plaintiffs to use the newly-discovered evidence in opposition to any renewed Motion for Summary Judgment that Defendant may file. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Relief from Judgment and New Trial [Doc. # 68] and Motion to Supplement Summary Judgment Record [Doc. # 69] are **GRANTED**. It is further

**ORDERED** that the Court's Memorandum and Order [Doc. # 65] and Final Judgment [Doc. # 66] are **VACATED** and this case is **REINSTATED** on the Court's active docket. It is further

**ORDERED** that counsel shall appear before the Court in Houston, Texas, on **November 17, 2016, at 11:00 a.m.** for a status and scheduling conference. Counsel

shall be prepared to discuss whether Defendant intends to file a renewed motion for summary judgment and, if so, an appropriate briefing schedule.

SIGNED at Houston, Texas, this **3rd** day of **November, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE