United States District Court
Southern District of Texas

**ENTERED**

January 09, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANTHONY DAVILA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-14-0051 |
| | § | |
| ALCOA WORLD ALUMINA LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Inter-Divisional and Intradistrict

Transfer ("Transfer Motion") [Doc. # 80] filed by Plaintiffs Anthony and Michelle

Davila.  Defendant Alcoa World Alumina LLC ("Alcoa") filed a Response [Doc.

# 82], and Plaintiffs filed a Reply [Doc. # 83].[1]  Having reviewed the record and the

applicable legal authorities, the Court **denies** the Transfer Motion.

## I.    BACKGROUND

Anthony Davila ("Davila"), a resident of Port Lavaca, Texas, worked as a

supervisor for W-S Industrial Services, Inc. ("WSI").  Alcoa hired WSI to perform

industrial cleaning services at Alcoa's facility in Point Comfort, Texas.  Port Lavaca

and Point Comfort are located in the Victoria Division of the Southern District of

---

[1]      Defendant, without seeking or obtaining leave of Court, filed a Sur-Reply [Doc. # 84].

Texas.  On October 23, 2013, Davila was seriously injured while working for WSI at the Alcoa facility.

On December 31, 2013, Plaintiffs filed this lawsuit in state court in Calhoun County, Texas.  Defendant filed a timely Notice of Removal [Doc. # 1], removing the case to the Victoria Division, in which Calhoun County is located.  On November 29, 2016, Plaintiffs filed the pending Transfer Motion seeking transfer of this case from the Victoria Division to the Houston Division.[2]  The Transfer Motion has been fully briefed and is now ripe for decision.

## II.    APPLICABLE LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[3]  28 U.S.C. § 1404(a).  Subject to the provisions of

---

[2]    Plaintiffs state in the Transfer Motion that the Court "gave the parties the option of trying this case in either division."  *See* Transfer Motion, ¶ 2.  Consistent with the Court's general practice in cases over which it presides in the Victoria Division, the Court gave the parties the option of *agreeing* to try this case in the Houston Division. The Court has not, however, indicated that it would transfer the case to Houston over the objection of either party.

[3]    The preliminary issue in the § 1404(a) analysis is whether the movant seeks transfer to a district or division where it might have been brought.  *See* 28 U.S.C. § 1404(a). This case was removed from the District Court of Calhoun County, Texas.  Venue in a removed case is governed by the removal statute, 28 U.S.C. § 1441.  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).  Such cases are removed "to the district court of the United States for the district and division embracing the place
(continued...)

§ 1404(a), district courts have "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*en banc*). The party seeking to transfer venue bears the burden to "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* at 315.  Transfer is appropriate if the movant demonstrates that the transferee venue is a clearly more convenient venue.  *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *In re Volkswagen*, 545 F.3d at 315.  To "clearly demonstrate" that transfer is proper, the movant must support the transfer request with detailed sworn statements addressing the relevant § 1404(a) factors discussed below.  *See Jelec USA, Inc. v. Safety Controls, Inc.*, 2006 WL 3358896, *5 (S.D. Tex. Nov. 17, 2006) (Miller, J.).

To determine whether the movant has satisfied the burden to demonstrate good cause for a transfer of venue, the Court considers certain private and public interest factors.  *See In re Volkswagen*, 545 F.3d at 315.  The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

---

3        (...continued)
         where such action is pending."  28 U.S.C. § 1441(a).  Nonetheless, a party may request a discretionary transfer to a more convenient division.  28 U.S.C. § 1404(b).

expeditious and inexpensive." *Id.* The Court also considers the public interest

factors: "(1) the administrative difficulties flowing from court congestion; (2) the local

interest in having localized interests decided at home; (3) the familiarity of the forum

with the law that will govern the case; and (4) the avoidance of unnecessary problems

of conflict of laws [or in] the application of foreign law." *Id.* These factors "are not

necessarily exhaustive or exclusive" and  "none . . . can be said to be of dispositive

weight." *Id.*

Additionally, the Court "must also give some weight to the plaintiffs' choice

of forum." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for Western Dist.*

*of Tex.*, __ U.S. __, 134 S. Ct. 568, 581 n.6 (2013); *see also Weber v. PACT XPP*

*Tech., AG*, 811 F.3d 758, 767 (5th Cir. 2016).

## III.   ANALYSIS

### A.    Plaintiffs' Choice of Venue

In this case, Plaintiffs filed this lawsuit in Calhoun County, in the Victoria

Division of the Southern District of Texas, where they resided at the time and where

they currently reside.  Now, more than three years after the lawsuit was filed in a state

court in the Victoria Division, Plaintiffs seek to change their choice of venue and have

the case transferred to Houston.  Particularly in light of Plaintiffs' status as movant,

the Court will give some weight to their original choice of venue.

## B.      Private Interest Factors

Plaintiffs concede that the relative ease of access to sources of proof is a neutral factor, and that there are unlikely to be unwilling witnesses who are required to testify at trial.  As a result, these factors do not weigh in favor of transfer.

Plaintiffs have presented their attorney's Declaration stating generally that there are willing witnesses who reside in Victoria, in Houston, and in other cities.  *See* Declaration of Jane S. Leger [Doc. # 80-1], ¶ 3.  Leger states that Davila's treating physicians and expert witnesses are located in Houston and Victoria, but she does not state that any of the Houston witnesses are expected to testify live at trial.  Leger states that WSI's "former safety man" was living in Beaumont when he was deposed, but she does not state where he lives currently or that he will testify live at trial.  Leger states that "Mr. Contreras" and other members of Davila's WSI crew have "relocated" but does not identify any crew member's current residence.  The general statements in the Leger Declaration do not demonstrate that Houston is clearly more convenient than Victoria for willing trial witnesses.

Plaintiffs argue that the cost for willing witnesses to attend trial would be less if the case were transferred to Houston.  Although it would clearly be less expensive for those willing witnesses who reside in Houston, it would become *more* expensive for those willing witnesses who reside in Victoria.  As to the witnesses who reside in

cities other than Victoria or Houston, Plaintiffs argue that the airport in Houston is larger and there are more hotel options in Houston.  Plaintiffs have not, however, demonstrated that the total cost to travel to Victoria and to stay in a hotel there during trial would be less for those witnesses if the case were transferred to Houston.  Indeed, there are a variety of comfortable hotels in Victoria that are conveniently located to the federal courthouse.  It is unlikely that these hotels in Victoria are more expensive than similar hotels in Houston.  This factor does not weigh in favor of transfer.

The final private interest factor relates to practical issues that would make the trial more easy, expeditious, and inexpensive.  Plaintiffs argue that it will be easier for counsel to travel to Houston, and note that the Court's chambers and staff are located in Houston.   Initially, the Court notes that the relevant consideration is the convenience of the parties and witnesses, not the convenience of counsel and the Court.  Moreover, the Court finds that the trial can be handled more expeditiously in Victoria, for the convenience of the parties and witnesses, because the Court will not be required to handle matters on its Houston docket during the trial.  The Court's time can be dedicated to the trial, thereby shortening the number of days needed for the trial.  This factor weighs against transfer.

The private interest factors regarding ease of access of proof, the availability of obtaining unwilling witnesses at trial, and the cost for willing witnesses to attend

trial are neutral and do not favor transfer.  The trial can be handled more expeditiously in Victoria and, as a result, the practical issues factor weighs against transfer.

### C.      Public Interest Factors

Most of the public interest factors are either neutral or inapplicable in this case because this Court will retain the case on its docket whether the case remains in Victoria or is transferred to Houston.  Those factors – the administrative difficulties flowing from court congestion, the familiarity of the forum with the law that will govern the case, and  the avoidance of unnecessary problems of conflict of laws or foreign law – do not favor transfer to the Houston Division.

The local interest in having localized disputes decided at home, however, weighs heavily against transfer.  Plaintiffs reside in the Victoria Division, Defendant resides in the Victoria Division, and Plaintiff Davila was injured in the Victoria Division.  Some, but not all, counsel in the case, reside in Houston.  Some, but not all, of Plaintiffs' witnesses reside in Houston.  Otherwise, the Houston Division has no relationship to this case.  The Court finds that the Victoria Division has the local interest, and that it would be inequitable to require citizens of the Houston Division to expend their time to serve as jurors in this Victoria dispute.

Most of the public interest factors are neutral and do not weigh in favor of transfer.  The local interest factor, however, weighs heavily against transfer.

## IV.    CONCLUSION AND ORDER

Plaintiffs have failed to demonstrate that the Houston Division is clearly more convenient than the Victoria Division, and have failed to demonstrate that transfer would benefit the parties and witnesses.  Accordingly, in the exercise of the Court's discretion, it is hereby

**ORDERED** that Plaintiffs' Motion for Inter-Divisional and Intradistrict Transfer [Doc. # 80] is **DENIED**.

SIGNED at Houston, Texas, this **9th** day of **January, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE